

FILED
CLERK, U.S. DISTRICT COURT

OCT - 2 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____RS_____ DEPUTY

### UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION
PRODUCTS LIABILITY LITIGATION**                    MDL No. 2814

### TRANSFER ORDER

**Before the Panel**:  Plaintiffs in the two actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders conditionally transferring the actions to MDL No. 2814.  Defendant Ford Motor Company opposes the motions to vacate and supports transfer.

After considering the parties' arguments, we find that the actions share questions of fact with the actions transferred to MDL No. 2814, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions in MDL No. 2814 involve common factual questions arising out of allegations that the DPS6 PowerShift transmission installed in certain Ford Fiesta and Ford Focus vehicles is defective and negatively affects the drivability, safety, and useful life of the vehicles.  *See In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.,* 289 F. Supp. 3d 1350, 1352-53 (J.P.M.L. 2018).  We find that plaintiffs' actions involve the same factual issues.  The *Parker* complaint asserts claims based on "severe transmission issues" in a 2016 Ford Focus equipped with a DPS6 PowerShift transmission.  And the *Garcia* action asserts claims based on multiple shuddering and stalling problems, as well as other defects, in a 2018 Ford Focus equipped with a DPS6 PowerShift transmission.

Plaintiffs in *Parker* principally object to transfer on the ground that the primary claim in their action concerns an engine defect, rather than a transmission defect.  As a threshold matter, this assertion is not supported by the complaint.  As Ford points out, there is no mention of an engine defect in the *Parker* complaint.  The only defect specifically alleged is a transmission defect. *See Parker* Compl. ¶¶ 9, 18 (alleging "serious defects and nonconformities to warranty, including but not limited to severe transmission issues that manifest as vehicle vibrations, shaking, jolting, hesitation, and other nonconformities").  But accepting as true plaintiffs' assertion that they plead engine defects alongside their transmission claims, transfer still is appropriate.  "[T]he presence of additional facts or differing legal theories" does not prevent the transfer of an action that shares factual issues with those in the MDL.  *See, e.g., In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014).  Morever, in this MDL, the Panel already has determined that actions alleging both DPS6 transmission defects and "additional problems unrelated to the transmission" are appropriate for transfer. *See In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.,* 289 F. Supp.3d at 1352.

Plaintiffs in *Garcia* argue that their actions are beyond the boundaries of the MDL because the Ford Focus vehicles in the MDL are model years 2012 to 2016, while their Ford Focus is model

year 2018. The Panel has held, however, that the MDL is not limited to 2012 to 2016 Ford Focus vehicles, in the context of deciding to transfer an action involving a 2017 Ford Focus with an allegedly defective DPS6 transmission. *See* Transfer Order (*Sutton, et al.*), Doc. No. 356, at 2 (J.P.M.L. Aug. 5, 2020). In doing so, the Panel explained:

> While the initial transfer order does refer to "Ford Focus model years 2012 to 2016" in a footnote, the common factual questions described by the order are those "arising out of allegations that the DPS6 PowerShift transmission installed in certain Ford Fiesta and Ford Focus vehicles is defective" .... Plaintiffs' claims will involve the same factual questions, even though they have 2017 model year vehicles.

*See id.* (quoting *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d at 1352-53 & n.3). There is no reason to treat actions involving the 2018 Ford Focus any differently given that the 2018 model year also is equipped with the DPS6 PowerShift transmission and allegedly suffers from the same kinds of shuddering and drivability problems alleged in the previously centralized actions.

Additionally, consistent with the initial transfer order, the MDL already includes other model year vehicles with the DPS6 PowerShift transmission, including the 2018 Ford Focus. As Ford correctly notes, the Panel has transferred other potential tag-along actions involving such vehicles. And the transferee judge has allowed direct filing of actions involving the 2018 Ford Focus and other model years in the MDL.

The *Garcia* plaintiffs also argue that their action fails to meet two other alleged requirements for transfer – assertion of a fraud-based claim and a relationship to the *Vargas* class settlement resolving certain DPS6 transmission claims. But the initial transfer order does not impose any such criteria for transfer, nor do any tag-along transfer orders. Rather, all transfer orders in this MDL have made clear that an action is appropriate for transfer based on the presence of common factual questions involving an allegedly defective DPS6 PowerShift transmission.

The *Garcia* plaintiffs further argue that their actions are factually dissimilar from the actions in the MDL because (1) they do not allege, and need not prove, a "defect"– or Ford's pre-sale knowledge of a "defect" – to prevail on their warranty claims; and (2) their warranty claims turn on vehicle-specific impairments, repairs, and damages. These arguments are unpersuasive. The *Garcia* complaint plainly alleges that the vehicle has a "defect" or is "defective" at least 16 times, and specifically alleges that the vehicle is "defective in materials and workmanship." *See, e.g., Garcia* Compl. ¶¶ 12, 25. It further alleges that plaintiffs experienced recurring DPS6 transmission problems that required them "to bring the Vehicle in on multiple occasions." *See* ¶ 26.

The action's other alleged differences, which essentially concern plaintiffs' evidentiary burdens and vehicle-specific issues, also are no obstacle to transfer. As discussed above, the presence of additional facts or differing legal theories is not significant where, as here, the actions arise from a common factual core.

-3-

Lastly, the *Garcia* plaintiffs argue that transfer will delay the resolution of their action and that litigating in an MDL will be costly and inconvenient.  In deciding transfer, the Panel "look[s] to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."  *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012).  Here, the overall interests of convenience and efficiency will be served by transferring *Garcia*, as the action shares significant factual questions with the actions in the MDL, and likely will benefit from the common discovery and the transferee judge's expertise on the issues.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable André Birotte, Jr., for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry          Nathaniel M. Gorton
Matthew F. Kennelly          David C. Norton

**IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION
PRODUCTS LIABILITY LITIGATION**                         MDL No. 2814

### SCHEDULE A

Northern District of California

GARCIA, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 4:20-04088

2:20-CV-09070-AB-PVCx

Southern District of California

PARKER, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 3:20-01023

2:20-CV-09079-AB-PVCx

I hereby attest and certify on _OCT - 2_ _2020_
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

(1099)